L. O. OGBURN v. DR. L. S. BOOKER.

(Filed 13 November, 1929.)

**Judgments L b—Judgment in action in which defenses should have been set up will bar subsequent action thereon.**

A possessory action in ejectment in the court of a justice of the peace terminates in that court upon an issue of title to lands or of equitable rights therein being raised by the defendant, C. S., 1476, 1477, and in the Superior Court the defendant is required to set up his equities, if any he have, and where he fails to do so an independent action by him thereon is barred by the prior judgment, it being assumed that the court rendering the judgment had jurisdiction of the parties and the subject-matter of the action.

CIVIL ACTION, before *Sinclair, J.,* at April Term, 1929, of DURHAM.

Plaintiff alleged that during the summer and fall of 1922 the defendant owned a tract of land on the Chapel Hill road, and that the plaintiff offered to buy three acres of said land fronting said highway, and that the defendant refused to sell three acres, but agreed to sell seven or eight acres at $500 an acre; that plaintiff was desirous of purchasing said land for the purpose of erecting a home thereon. Plaintiff further alleged that the defendant authorized him to go ahead and begin the construction of his home, and thereupon the plaintiff cleared a part of the land, drilled a well and built a garage; that subsequently, the defendant informed plaintiff that he would not sell less than fifteen acres of land, and that if plaintiff would complete his house at a cost of not less than $3,000 and take fifteen acres of land for $500 per acre, no initial payment would be required. Thereafter, on 17 October, 1922, the defendant and his wife executed and delivered to the plaintiff a deed for

fifteen acres of land, and plaintiff executed and delivered to H. G. Hedrick, trustee for defendant, a deed of trust on the property described in the deed, which deed of trust secured the payment of the purchase-money notes. Thereupon the plaintiff began the work on his house and spent approximately $6,808.80.

Plaintiff further alleged that he did not have sufficient money to complete the house and offered to pay the defendant $1,000 if the defendant would release the front acre upon which the house was built, and that he secured a loan of $2,000 and offered the defendant $1,000 to release said front acre, but the defendant refused to do so. Plaintiff further alleged that when the purchase-money notes became due the defendant advertised the property and sold it on 7 December, 1923, at which sale the defendant became the purchaser of the property at the sum of $8,000.

Plaintiff further alleged that after the sale the defendant informed him that he must pay $50 per month "to keep up the taxes, insurance, interest," etc., but that if plaintiff would go ahead and make improvements on his home that he would hold the house for him and would not sell it to any one else. Plaintiff continued to occupy the house and pay the defendant the sum of $50 a month until about 23 March, 1925, but that the defendant "instead of helping the plaintiff to arrange to redeem his place . . . served notice upon the plaintiff to vacate the premises; that he brought suit to put the plaintiff out of his home."

Plaintiff further alleged "that on 20 April, 1925, the plaintiff was forced to vacate his home by order of court."

In consequence of the alleged wrongful conduct of defendant, plaintiff brought this suit on 25 October, 1926, to recover from the defendant the sum of $6,808.80 expended by plaintiff upon the house, and the further sum of $685 paid by plaintiff to defendant after the sale of the property.

The court entered judgment "from the pleadings filed in the cause that the defendant is entitled to a judgment against the plaintiff to the effect that the plaintiff take nothing by his suit, and that the defendant recover his costs in this behalf expended," etc.

From the foregoing judgment plaintiff appealed.

*Bryant & Jones and Manning & Manning for plaintiff.*
*Long & Allen for defendant.*

BROGDEN, J. The defendant contends that the judgment should be upheld upon the theory that it appears upon the face of the complaint that all oral negotiations between the parties prior to the execution and delivery of the deed and deed of trust were merged in those instruments. He further contends that the various oral agreements occurring after

COE v. LOAN COMPANY.

the registration of the deed and deed of trust, involved a contract to convey land, and hence were unenforceable by reason of the fact that the defendant had pleaded the statute of frauds. The latter contention of the defendant, however, is not available for the reason that the answer of the defendant is not in the record, and there is nothing to indicate to this Court that the statute of fraud was so pleaded.

Nevertheless, the plaintiff expressly alleges that the defendant brought suit against him and that he "was forced to vacate his home by order of court." It does not appear whether the judgment of eviction was rendered by a court of a justice of the peace or by the Superior Court in an ordinary action of ejectment. It is clear, however, that if the plaintiff was evicted by order of the court that we must assume, nothing else appearing, that the court had jurisdiction of the subject-matter and of the parties. If the judgment of eviction was rendered in a summary proceeding in ejectment, this could only be done upon the theory of the relationship of landlord and tenant, and if the plaintiff had set up the equities alleged in the present suit, the jurisdiction of the justice of the peace would have been at an end. C. S., 1476 and 1477. *McLaurin v. McIntyre,* 167 N. C., 350, 83 S. E., 627. On the other hand, if the plaintiff was evicted in an ordinary suit of ejectment in the Superior Court, it was his duty to plead the equities alleged in the case at bar. In either event the plaintiff, by his own allegations, has unequivocally demonstrated that he has taken no steps to protect his rights, if any, according to the orderly processes of the law.

Affirmed.