CHARLES S. BRYAN v. D. P. STREET.

(Filed 22 January, 1936.)

1. **Ejectment A b—Landlord may sue in Superior Court to eject tenant.**

A landlord may institute suit in the Superior Court to eject his tenant, the remedy of summary ejectment before a justice of the peace, C. S., 2365, not being exclusive, and in such action the Superior Court certainly acquires jurisdiction where the defendant denies plaintiff's title, controverts the allegations of tenancy, and pleads betterments.

2. **Courts A b—**

The Superior Court has original jurisdiction of all civil actions whereof exclusive original jurisdiction is not given to some other court. C. S., 1436.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Barnhill, J.,* at May Term, 1935, of CRAVEN. Civil action in ejectment and to recover rents.

The complaint alleges:

1. That the plaintiff is the owner and entitled to the immediate possession of a lot of land in James City (description not in dispute).

2. That the defendant rented said land from plaintiff's agent and paid rent therefor until about 30 May, 1927, since which time he has wrongfully withheld same from plaintiff, to his damage in the sum of $600, or a rental value of $8 per month.

Wherefore, plaintiff demands judgment (1) for possession of said land, and (2) for $600.

The defendant denied plaintiff's title, set up claim to the premises by adverse possession, and pleaded betterments.

At the close of plaintiff's evidence, "the court sustained the motion for judgment as of nonsuit to that part of the cause of action which seeks a recovery of the land, and thereupon the plaintiff took a voluntary nonsuit in the action to recover rent."

Plaintiff appeals from the involuntary part of the judgment, assigning errors.

*R. A. Nunn for plaintiff.*

*D. H. Willis and Dunn & Dunn for defendant.*

STACY, C. J. We were told on the argument the court's ruling was based upon the belief that a landlord may not evict a tenant other than by a summary proceeding in ejectment, commenced before a justice of the peace. C. S., 2365, *et seq.* The law is otherwise. *Ogburn v. Booker,* 197 N. C., 687, 150 S. E., 330. The Superior Court has original jurisdiction of all civil actions whereof exclusive original jurisdiction is not given to some other court. C. S., 1436. "It seems that justices of the peace, as between landlords and tenants, have concurrent jurisdiction with the Superior Courts"—*Furches, J.,* in *McDonald v. Ingram,* 124 N. C., 272, 32 S. E., 677. See, also, *Shelton v. Clinard,* 187 N. C., 664, 122 S. E., 477.

Moreover, it appears that defendant has denied plaintiff's title, controverted the allegation of tenancy, and pleaded betterments. In any event, this would seem to give the Superior Court jurisdiction. *Ins. Co. v. Totten,* 203 N. C., 431, 166 S. E., 316.

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.