## MILLARD C. STONESTREET v. B. W. MEANS.

(Filed 29 October, 1947.)

**Courts § 3c: Ejectment § 4—**

Courts of justices of the peace do not have exclusive original jurisdiction of actions in summary ejectment but the Superior Courts have concurrent jurisdiction of such actions, G. S., 7-63, and therefore in a possessory action against a tenant wrongfully holding over, instituted in the Superior Court, defendant's motion to dismiss for want of jurisdiction is

properly overruled whether the action be regarded as one to recover possession of the land or a summary proceeding in ejectment. G. S., 42-28.

APPEAL by defendant from *Alley, J.,* at April Term, 1947, of CABARRUS.

Civil action to recover possession of land.

On 21 October, 1946, the plaintiff purchased a farm in Cabarrus County from D. H. Furr, and immediately notified Furr's tenant, defendant herein, to vacate on or before 1 November, 1946. The tenant declined to vacate on the ground that he was holding under a three-year lease which had not expired. Furr contended the tenancy was by the month or from month to month.

This action was instituted in the Superior Court of Cabarrus County on 27 November, 1946, to recover possession of the farm, and, by later amendment, to assess the defendant "$25 per month since 21 October, 1946, as a reasonable rental therefor."

The defendant filed answer, admitted plaintiff's ownership of the land, declined and refused to vacate, claimed right to possession under lease from plaintiff's predecessor in title, and moved to dismiss for want of original jurisdiction in the Superior Court to entertain the action.

The jury found (1) that the plaintiff was the owner of the land; (2) that the defendant did not hold under a three-year lease, as alleged; (3) that the defendant's possession was wrongful, and (4) that plaintiff is entitled to recover no damages for the wrongful detention. The jury recommended that the defendant be given an additional ninety days within which to vacate the premises "without payment of rent for this additional time."

From judgment on the verdict for plaintiff, the defendant appeals, assigning errors.

*Morton & Williams and Zeb A. Morris, Jr., for plaintiff, appellee.*
*Hartsell & Hartsell for defendant, appellant.*

STACY, C. J. The question for decision is whether the purchaser from a landlord may maintain a possessory action in the Superior Court against a tenant who holds over when he might have proceeded in summary ejectment before a justice of the peace. The trial court answered in the affirmative, and we approve.

It is provided by G. S., 42-26, *et seq.,* that a landlord may dispossess a tenant who holds over and continues in possession of demised premises without permission and after demand for surrender, by a summary proceeding in ejectment instituted before any justice of the peace of the county in which the demised premises are situated. G. S., 42-28. Such proceeding, however, even when appropriate and available, is neither

mandatory nor exclusive. The Superior Court still has original juris-
diction to entertain actions for the recovery of land and "it seems that
justices of the peace, as between landlords and tenants, have concurrent
jurisdiction with the Superior Courts." *McDonald v. Ingram,* 124 N. C.,
272, 32 S. E., 677.

Here, the plaintiff's ownership of the land is admitted. Defendant
concedes that, in view of the verdict he is a tenant wrongfully holding
over. He resists eviction on the ground that a court of the justice of the
peace, and not the Superior Court, has exclusive original jurisdiction
of the action.

It can make no difference whether the action be regarded as one to
recover possession of land, or a summary proceeding in ejectment, the
jurisdiction of the Superior Court attaches in either event. *Bryan v.
Street,* 209 N. C., 284, 183 S. E., 366. It is provided by G. S., 7-63,
"The Superior Court has original jurisdiction of all civil actions whereof
exclusive original jurisdiction is not given to some other court." *Ogburn
v. Booker,* 197 N. C., 687, 150 S. E., 330; *Shelton v. Clinard,* 187 N. C.,
664, 122 S. E., 477; *Seligson v. Klyman,* 227 N. C., 347. Exclusive
original jurisdiction is not vested in courts of justices of the peace in
summary ejectment. See *Machine Co. v. Burger,* 181 N. C., 241, 107
S. E., 14, for general discussion.

The challenge to the jurisdiction was properly overruled. It is ob-
served that the jury attached a recommendation to its verdict, which the
court incorporated in the judgment, without objection from either side. .
No doubt they smiled and said nothing, like the parties to a certain deed
when they noticed that the eminent lawyer who drew it, while not a party
to the deed, had inserted a clause therein reserving to himself "the right
to fish in said mill pond for and during the term of his natural life."

The verdict and judgment will be upheld.

No error.