EAST CAROLINA FARM CREDIT v. SALTER

[113 N.C. App. 394 (1994)]

——————————

EAST CAROLINA FARM CREDIT, ACA v. ELWOOD L. SALTER, JR. AND ANITA S. SALTER

No. 923DC1217

(Filed 18 January 1994)

1. **Courts § 99 (NCI4th)— transfer of case from superior to district court—written motion required**

    The trial court did not err in denying defendants' motion to transfer this case from the superior court to the district court division where defendants' original motion was not in writing and therefore did not comply with N.C.G.S. § 7A-258, and their written motion was not filed within 30 days after they were served as required by the statute.

    **Am Jur 2d, Courts §§ 87 et seq.**

2. **Ejectment § 13 (NCI4th)— summary ejectment action— concurrent original jurisdiction in district and superior courts**

    There was no merit to defendants' contention that the trial court erred in denying their motion to dismiss because

the district court division had exclusive jurisdiction over a summary ejectment action, since the superior court and the district court had concurrent original jurisdiction over summary ejectment actions.

**Am Jur 2d, Landlord and Tenant §§ 1227 et seq.**

3. **Ejectment § 21 (NCI4th)— summary ejectment action—lease terminated—lessees' interference with sale—no genuine issue of material fact**

The trial court properly entered summary judgment in favor of plaintiff where there was no genuine issue of material fact as to whether plaintiff had terminated defendants' lease and whether defendants had attempted to interfere with plaintiff's sale of the property.

**Am Jur 2d, Landlord and Tenant §§ 1227 et seq.**

Appeal by defendants from order entered 11 September 1992 by Judge William C. Griffin, Jr., in Craven County Superior Court. Heard in the Court of Appeals 22 October 1993.

Plaintiff owned a house situated on approximately eight acres of land which it leased to defendants. Plaintiff brought this action seeking to terminate the lease, to remove the defendants from the property, to restrain defendants from bothering any potential buyers who might visit the property, and to enjoin defendants from entering the property for any purpose other than removing their property. On 17 July 1992, Superior Court Judge Richard B. Allsbrook entered a temporary restraining order, and on 30 July 1992, he entered an order preliminarily enjoining defendants from interfering with prospective buyers of the property.

On 1 September 1992, plaintiff filed a motion for summary judgment, pursuant to N.C. Gen. Stat. § 1A-1, Rule 56 (1990). On 9 September 1992, defendants filed a motion to dismiss, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990), for failure to state a claim upon which relief can be granted. On the same day, defendants filed a motion, pursuant to N.C. Gen. Stat. § 7A-258 (1989), to transfer the case to the district court division, alleging that the case was really an action for summary ejectment. On 11 September 1992, Judge Griffin entered an order of summary judgment in favor of the plaintiff and an order denying defendants'

motion to dismiss and motion to transfer the case. From these orders, defendants appeal.

> *Everette, Everette, Warren & Harper, by Edward J. Harper, II, for plaintiff-appellee.*

> *David P. Voerman, P.A., by David P. Voerman, for defendant-appellants.*

McCRODDEN, Judge.

Defendants bring forward two assignments of error, one each to both of the court's orders. First, they assign error to the trial court's denial of their motions to transfer and to dismiss the case. The underlying basis of their motions is that plaintiff's action was one for summary ejectment, for which proper jurisdiction was in the district court division.

[1]   N.C.G.S. § 7A-258, which governs motions to transfer cases between divisions of the general court of justice, provides:

> (a) Any party, including the plaintiff, may move on notice to all parties to transfer the civil action or special proceeding to the proper division when the division in which the case is pending is improper under the rules stated in this Subchapter . . . [or] if all parties to the action or proceeding consent thereto, and if the judge deems the transfer will facilitate the efficient administration of justice.

> . . . .

> (c) A motion to transfer by any party other than the plaintiff must be filed within 30 days after the moving party is served with a copy of the pleading which justifies transfer. . . . Failure to move for transfer within the required time is a waiver of any objection to the division in which the case is pending . . . .

> (d) A motion to transfer *is in writing* and contains:

> (1) A short and direct statement of the grounds for transfer with specific reference to the provision of this Chapter which determines the proper division; and

> (2) A statement by an attorney for the moving party . . . that the motion is made in the good faith belief that

it may be properly granted and that he intends no amendment which would affect propriety of the transfer.

(Emphasis added).

In this case, defendants alleged the following in their 9 September 1992 motion to transfer:

1. The defendants in this case were served with process on or about the 17th day of July, 1992.

. . . .

4. On or about July 29, 1992, the Honorable Richard E. Allsbrook held a hearing in respect to this case, on the issue of whether or not a preliminary injunction should issue.

5. At the time of this hearing, the attorney for the defendants moved the Court to dismiss the case, and furthermore, moved orally, for the Court to transfer the case to the proper division . . . .

6. At that time, the Court indicated it would make no ruling on the defendants' motion concerning the jurisdiction of the Superior Court to hear the matter, and made no decision in respect to whether the Superior Court was the proper division under the appropriate North Carolina General Statutes to hear the case.

. . . .

8. This written motion, is made pursuant to N.C.G.S. § 7A-258 and 7A-259, to confirm the oral motion made in open Court by the attorney for the defendants herein.

On its face, defendants' motion is defective. Contrary to defendants' assertion, there is no such thing as an oral motion to transfer. N.C.G.S. § 7A-258 is plain and unambiguous; a motion to transfer is "in writing." Defendants filed no written motion to transfer until 9 September, more than 30 days after the date they allege they were served, 17 July 1992. Therefore, they have waived any objection to the case's pendency in the superior court division.

Defendants further argue, however, that a motion to dissolve the temporary restraining order and to dismiss the case, which they filed on 27 July 1992, included a timely motion to transfer.

This argument is meritless. The motion to which defendants refer contains no mention of transferring the case; nor does it contain the statements required by N.C.G.S. § 7A-258(d)(2) (that the motion was made in good faith and that the movant intends no amendment that would affect the propriety of the transfer). Having failed to comply with the statutory requirements for motions to transfer, defendants may not prevail on this contention.

[2] Under the same assignment of error, defendants argue that the trial court erred in denying their motion to dismiss because the district court division has exclusive jurisdiction over a summary ejectment action. Assuming, *arguendo*, that this action was purely an action to remove the defendants from their residence pursuant to the summary ejectment procedure, N.C. Gen. Stat. §§ 42-26 to -36.2 (1984 and Supp. 1993), defendants' argument is unavailing.

In *Stonestreet v. Means*, 228 N.C. 113, 115, 44 S.E.2d 600, 601 (1947), the Supreme Court held that the superior court and the courts of justices of the peace, which have since been replaced by magistrate's courts, had concurrent original jurisdiction over summary ejectment actions. In its opinion, the *Stonestreet* Court interpreted the then-existing version of the summary ejectment act, which has survived virtually unchanged, in conjunction with N.C. Gen. Stat. § 7-63, which has since been repealed. At that time, section 7-63 provided that "[t]he Superior Court has original jurisdiction of all civil actions whereof exclusive original jurisdiction is not given to some other court." The Court read the statutes together and found that "*[e]xclusive* original jurisdiction is not vested in courts of justices of the peace in summary ejectment." *Id.* (emphasis added).

When the General Assembly created the district court division in 1965, it enacted N.C. Gen. Stat. § 7A-240 to provide:

[O]riginal general jurisdiction of all justiciable matters of a civil nature cognizable in the General Court of Justice is vested in the aggregate in the superior court division and the district court division as the trial divisions of the General Court of Justice. Except in respect of proceedings in probate and the administration of decedents' estates, the original civil jurisdiction so vested in the trial divisions is vested concurrently in each division.

N.C. Gen. Stat. § 7A-240 (1989). This statute leads to the conclusion that, when the legislature created the district court division and gave it concurrent original jurisdiction over all matters except probate and matters of decedents' estates, it did not thereby divest the superior court division of any of its original jurisdiction. Hence, although we rely upon updated statutes, we reaffirm the *Stonestreet* Court's conclusion that the superior court division has original jurisdiction over summary ejectment actions. In this case, the trial court properly denied the defendants' motion to dismiss and, as stated above, the defendants' motion to transfer the case.

[3] Defendants' second assignment of error pertains to the trial court's entry of summary judgment in favor of plaintiff. They argue that there were genuine issues of material fact that rendered summary judgment inappropriate.

Summary judgment is available when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 56(c).

The trial court's summary judgment, among other things, ejected defendants from the property and enjoined them from interfering with prospective buyers. The material factual issues the court needed to address in order to enter this judgment in plaintiff's favor were whether the lease had been terminated and whether the defendants had attempted to interfere with plaintiff's attempt to sell the property.

There was no genuine issue of material fact as to whether the lease had been terminated. The lease between plaintiff and defendants provided:

> Lessee understands that this property is being offered for sale and agrees to cooperate with and make the property available to agents of Lessor and prospective purchasers during reasonable business hours.
>
> . . . .
>
> Lease will be on a 30 day automatic renewal. Lease will remain in effect until revoked in writing, with 30 days notice by lessor or lessee.

EAST CAROLINA FARM CREDIT v. SALTER

[113 N.C. App. 394 (1994)]

This lease created a tenancy from period to period, with a term of one month. *See* Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 88 (3d ed. 1988). Generally, periodic tenancies from month to month may only be terminated after the party seeking to terminate the tenancy has given notice to the other party at least seven days before the end of the current month. N.C. Gen. Stat. § 42-14 (Supp. 1993). However, the parties' lease may specify notice of termination that differs both in type and in extent from that called for in section 42-14. *Stanley v. Harvey*, 90 N.C. App. 535, 538, 369 S.E.2d 382, 384 (1988). In this case, it is clear that the plaintiff complied with the notice requirement of the statute, as well as that provided for in the lease. Plaintiff notified defendants in writing on 6 July 1992 demanding that they quit the premises by 4 August 1992. This notice, which was given more than seven days prior to the end of the month and which allowed defendants thirty days to remove themselves and their property from the premises, properly terminated the lease.

Further, there was no genuine issue as to whether defendants had attempted to interfere with the plaintiff's sale of the property. Defendants admitted in their affidavits that they would use any method they could to deter the sale, that they had, on several occasions, contacted two potential purchasers and attempted to dissuade them from buying the property, and that when potential purchasers visited the property, defendants had posted signs that read: "You are an intruder. You are not welcome. This would not be a good home to buy," and "The bank has taken our home. We need 9 more months to get it back." These admissions demonstrate that there was no genuine issue as to whether the defendants had attempted to interfere with the sale of the property.

Defendants' argument that there was another factual question, *i.e.*, whether the defendants had tendered their monthly rent, is not well taken. Defendants asserted in their affidavits and on appeal that they tendered their rent on 6 July 1992 and plaintiff refused to accept it. This, however, is simply irrelevant. Written notice of the termination of the lease was given on the day defendants tendered the rent and the lease was terminated thereby. Having given proper notice of termination, plaintiff was under no obligation to accept the rent and/or extend the lease.

We have determined that neither of the factual questions offered by defendant presented a genuine issue as to any material fact in the case. Accordingly, we conclude that the trial court properly entered summary judgment in plaintiff's favor. We affirm the orders of the trial court.

Affirmed.

Judges LEWIS and WYNN concur.