FRANK STEWART, Plaintiff v. CARLOS TIMOTHY "TIM" HODGE, Defendant

No. COA10-926

(Filed 3 May 2011)

**1. Jurisdiction— subject matter—objection to claim for exempt property—superior court**

Plaintiff's argument that the trial court lacked jurisdiction over his objection to defendant's claim for exempt property in an

———————

action arising from an unpaid debt was overruled. The relevant statutory language in N.C.G.S. § 1C-1603(e)(7) neither deprives the superior court of jurisdiction nor renders a superior court order ruling on such an objection void for lack of jurisdiction.

**2. Creditors and Debtors— objection to claim for exempt property—timely**

The trial court erred in an action arising from an unpaid debt by determining that plaintiff did not object to defendant's claim for exempt property in a timely manner. Given the issuance of a written notice of hearing within the specified time period, plaintiff adequately complied with N.C.G.S. § 1C-1603(e)(5).

**3. Creditors and Debtors— objection to claim for exempt property—merits not addressed—remanded to trial court**

The Court of Appeals declined to rule on the merits of plaintiff's argument that the trial court erred by allowing defendant to claim exempt property in excess of that allowed by N.C.G.S. § 1C-1601. The matter was remanded to the trial court for consideration.

Appeal by plaintiff from order entered 22 March 2010 by Judge Eric L. Levinson in Gaston County Superior Court. Heard in the Court of Appeals 13 January 2011.

*Safran Law Offices, by Lindsey E. Powell and M. Riana Smith, for Plaintiff-Appellant.*

ERVIN, Judge.

Plaintiff Frank Stewart appeals from an order denying his objections to the schedule of exempt property claimed by Defendant Timothy Hodge on the grounds that Plaintiff's objections were not filed in a timely manner. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be reversed and that this case should be remanded for further proceedings not inconsistent with this opinion.

### I. Factual Background

On 7 February 2008, Plaintiff loaned approximately $400,000.00 to Defendant pursuant to a written promissory note that required repayment of $412,500.00 by 11 June 2008. After Defendant failed to repay the loan, Plaintiff filed a complaint against Defendant on 4

STEWART v. HODGE

[211 N.C. App. 605 (2011)]

November 2008 in which he sought to recover compensatory and punitive damages for fraud, constructive fraud, unfair and deceptive trade practices, and negligent misrepresentation. On 20 November 2008, Defendant sought an extension of the time within which he was entitled to file an answer to Plaintiff's complaint until 8 January 2009.

On 8 January 2009, the parties executed a Settlement Agreement under which Defendant agreed to pay Plaintiff $313,100.00 in two installments, with the first payment of $50,000.00 due by 5 February 2009, and Plaintiff agreed to grant Defendant an extension of time until 9 February 2009 within which to respond to his complaint. However, Defendant failed to make the first of the two required payments and did not file a responsive pleading in a timely manner.

On 12 February 2009, Plaintiff moved for entry of default. On the same date, the Clerk of Superior Court of Gaston County made an entry of default against Defendant. On 23 March 2009, Plaintiff filed a Motion for Default Judgment and a Notice of Hearing. On 9 April 2009, Defendant moved to set aside the entry of default and filed an answer to Plaintiff's complaint. On 29 July 2009, Judge Beverly T. Beal entered an order denying Defendant's motion to set aside the entry of default. On 3 November 2009, Judge Timothy L. Patti entered an order denying Defendant's renewed motion to set aside the entry of default, granting Plaintiff's motion for entry of default judgment, and awarding judgment in favor of Plaintiff in the amount $1,012,500.00, plus attorney's fees in the amount of $27,000.00.

On 7 December 2009, Plaintiff signed and dated a Notice of Right to Have Exemptions Designated and a Motion to Claim Exempt Property. The portion of the copy of Plaintiff's Notice and Motion appearing in the record on appeal specifying the manner in which this filing was served on Defendant has not been completed. On 8 January 2010, Defendant dated and signed a completed Motion to Claim Exempt Property. Although Defendant's counsel signed the certificate of service appended to Defendant's motion, the manner in which Defendant served Plaintiff with a copy of his claim of exemptions is not specified. On 20 January 2010, the Clerk, using a form provided by the Administrative Office of the Courts, filed a Notice of Hearing on Exempt Property which stated that:

> The judgment creditor (plaintiff) in the above case has objected to the exemptions claimed by the judgment debtor (defendant). A

**STEWART v. HODGE**

[211 N.C. App. 605 (2011)]

hearing to designate exemptions will be held by the superior[1] court judge at the date, time and location set out below.

The notice scheduled a hearing on Plaintiff's objections to Defendant's claim for exemptions on 15 February 2010. The hearing was rescheduled for 22 March 2010. On 8 February 2010, Plaintiff filed a separate motion objecting to that portion of Defendant's claim for exemptions that sought to have $5,000.00 in household goods declared exempt from Plaintiff's claims.

On 22 March 2010, the trial court conducted a hearing and entered an order ruling that:

> . . . [I]t appearing to the Court that the defendant . . . filed his Motion to Claim Exempt Property on January 8, 2010; that the plaintiff filed the above-referenced Objection on February 8, 2010; that [N.C. Gen. Stat. §] 1603(e)(5) provides that any objection to the Motion to Claim Exempt Property shall be filed within 10 days of the service of said Motion[; and] that plaintiff [n]oticed the hearing on his Objection for Monday. March 22, 2010[.] . . . IT IS THEREFORE ORDERED that plaintiff's Objection is hereby DENIED as having been untimely filed.

Plaintiff noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Jurisdiction

**[1]** First, Plaintiff argues that the trial court lacked jurisdiction over his objection to Defendant's claim for exemptions. In support of this argument, Plaintiff relies on N.C. Gen. Stat. § 1C-1603(e)(7) (2009), which states that:

> If the judgment creditor objects to the schedule filed or claimed by the judgment debtor, the clerk must place the motion for hearing by the district court judge, without a jury, at the next civil session.

A careful analysis of the language of N.C. Gen. Stat. § 1C-1603(e)(7) indicates that nothing in the relevant statutory language deprives the Superior Court of jurisdiction to hear a party's objections to a claim for exemptions.

---

1. The original notice specified, consistent with the language contained in the pre-printed Administrative Office of the Courts form, that the objection to Defendant's claim of exemptions would be heard before a District Court judge rather than a Superior Court judge. However, the reference to a hearing before a District Court judge was stricken and replaced with a reference to a hearing before a Superior Court judge.

N.C. Gen. Stat. § 7A-240 provides that:

> Except for the original jurisdiction in respect of claims against the State which is vested in the Supreme Court, original general jurisdiction of all justiciable matters of a civil nature cognizable in the General Court of Justice is vested in the aggregate in the superior court division and the district court division as the trial divisions of the General Court of Justice. Except in respect of proceedings in probate and the administration of decedents' estates, the original civil jurisdiction so vested in the trial divisions is vested concurrently in each division.

"It is, therefore, evident that[,] except for areas specifically placing jurisdiction elsewhere (such as claims under the Workers' Compensation Act) the trial courts of North Carolina have subject matter jurisdiction over 'all justiciable matters of a civil nature.' " *Harris v. Pembaur*, 84 N.C. App. 666, 668, 353 S.E.2d 673, 675 (1987). "This statute[, N.C. Gen. Stat. § 7A-240,] leads to the conclusion that, when the legislature created the district court division and gave it concurrent original jurisdiction over all matters except probate and matters of decedents' estates, it did not thereby divest the superior court division of any of its original jurisdiction." *East Carolina Farm Credit v. Salter*, 113 N.C. App. 394, 399, 439 S.E.2d 610, 612 (1994).

In addition, N.C. Gen. Stat. § 7A-242 specifilly provides that:

> For the efficient administration of justice in respect of civil matters as to which the trial divisions have concurrent original jurisdiction, the respective divisions are constituted proper or improper for the trial and determination of specific actions and proceedings in accordance with the allocations provided in this Article. But no judgment rendered by any court of the trial divisions in any civil action or proceeding as to which the trial divisions have concurrent original jurisdiction is void or voidable for the sole reason that it was rendered by the court of a trial division which by such allocation is improper for the trial and determination of the civil action or proceeding.

Plaintiff cites no authority holding that the provisions of N.C. Gen. Stat. § 1C-1603(e)(7) are jurisdictional, and we have not identified any such statutory language or judicial decisions in the course of our own research. As a result, we conclude that, while N.C. Gen. Stat. § 1C-1603(e)(7) directs the Clerk of Superior Court to place an objection to a claim that certain property be declared exempt on for hearing at the next civil session of the District Court, the relevant statutory

language neither deprives the Superior Court of jurisdiction nor renders a Superior Court order ruling on such an objection void for lack of jurisdiction.

### B. Timeliness of Plaintiff's Objection

**[2]** Next, Plaintiff argues that the trial court erred by determining that he did not object to Defendant's claim for exemptions in a timely manner. We believe that Plaintiff's contention has merit.

As a preliminary matter, we note that neither party appears to have strictly complied with the requirements of the relevant statutory provisions. N.C. Gen. Stat. § 1C-1603(a)(1) states that a "judgment debtor may have his exempt property designated by motion after judgment has been entered against him." According to N.C. Gen. Stat. § 1C-1603(a)(4):

> After judgment, except as provided in [N.C. Gen. Stat. §] 1C-1603(a)(3) or when exemptions have already been designated, the clerk may not issue an execution or writ of possession unless notice from the court has been served upon the judgment debtor advising the debtor of the debtor's rights. The judgment creditor shall cause the notice . . . to be served on the debtor as provided in [N.C. Gen. Stat. §] 1A-1, Rule 4(j)(1). . . . Proof of service by certified or registered mail or personal service is as provided in G.S. 1A-1, Rule 4.

Although N.C. Gen. Stat. § 1C-1603(a)(4) clearly required Plaintiff to serve a notice of rights upon Plaintiff in the manner required by N.C. Gen. Stat. § 1A-1, Rule 4(j)(1) and to make proof of service in accordance with N.C. Gen. Stat. § 1A-1, Rule 4, the record does not show the manner in which service of the notice of rights was effectuated upon Defendant. In addition, we note that N.C. Gen. Stat. § 1C-1603(d) provides that, "[i]f the judgment debtor moves to designate his exemptions, a copy of the motion and schedule must be served on the judgment creditor as provided in [N.C. Gen. Stat. §] 1A-1, Rule 5." Rule 5, in turn, states that:

> (b) With respect to all . . . papers required or permitted to be served, . . . service upon the attorney or upon a party may . . . be made by delivering a copy to the party or by mailing it to the party at the party's last known address[.] . . . A certificate of service shall accompany every pleading and every paper required to be served on any party . . . [and] shall show the date and method of service or the date of acceptance of service and shall show the name and service address of each person upon whom the paper

has been served. . . . Each certificate of service shall be signed in accordance with and subject to [N.C. Gen. Stat. § 1A-1,] Rule 11[].

Although Defendant signed and dated a claim for exemptions on 8 January 2010, he failed to indicate the method which he utilized to serve his claim of exemptions upon Plaintiff. N.C. Gen. Stat. § 1C-1603(e)(5) provides that "[t]he judgment creditor has 10 days from the date served with a motion and schedule of assets or from the date of a hearing to claim exemptions to file an objection to the judgment debtor's schedule of exemptions." Since Defendant did not file a brief and has not, for that reason, challenged Plaintiff's claim to have been served with Defendant's claim for exemptions by mail, we accept Plaintiff's contention for purposes of our review. As a result, assuming that Defendant mailed Plaintiff a copy of his claim of exemptions on 8 January 2010, Plaintiff had ten days from 11 January 2010 to file an objection to the claimed exemptions, thus making his objection due on 21 January 2010.

On 20 January 2010, the Clerk issued a Notice of Hearing on Exempt Property stating that:

[t]he judgment creditor (plaintiff) in the above case has objected to the exemptions claimed by the judgment debtor (defendant). A hearing to designate exemptions will be held by the superior court judge at the date, time and location set out below.

As the record reflects, the notice of a hearing on Plaintiff's objections was filed prior to the expiration of the applicable deadline and clearly states that Plaintiff objected to Defendant's claim for exemptions. As a result, it is clear that Plaintiff voiced objections to Defendant's claim for exemptions by 20 January 2010.

We also note that N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) provides that:

An application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

Admittedly, the literal language of N.C. Gen. Stat. § 1C-1603(e)(5) requires a judgment creditor to file an objection to claimed exemptions, rather than requiring the filing of a motion. However, we find the language of N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) useful in analyzing the requirements of N.C. Gen. Stat. § 1C-1603(e)(5). We can see no

reason why, since the requirement of a written motion is satisfied by the statement of that motion in a written notice of a hearing, that the requirement of filing an objection to a claim of exemptions could not be satisfied in the same manner, particularly given that nothing in N.C. Gen. Stat. § 1C-1603(e)(5) requires that a valid objection take any particular form and since Defendant clearly had notice of the exact substantive issue that Plaintiff wished to litigate prior to the date upon which that objection was scheduled for hearing.

As a result, we conclude that, given the issuance of a written notice of hearing within the specified time period, Plaintiff adequately complied with N.C. Gen. Stat. § 1C-1603(e)(5). Thus, the trial court erred by concluding otherwise and denying Plaintiff's objection on the basis of an alleged lack of timeliness.[2]

## C. Substantive Validity of Claimed Exemptions

[3] Finally, Plaintiff argues that the trial court erred by "allowing [Defendant] to claim exempt property in excess of that allowed by N.C. Gen. Stat. § 1C-1601." However, the substantive merits of Plaintiff's objections to the claimed exemptions were neither argued at the hearing nor addressed by the trial court, which merely decided that Plaintiff had failed to file a timely objection. Because the trial court did not address the substantive issue raised by Plaintiff's objection and because the parties did not have an adequate chance to develop a record relating to these objections, we decline to rule on the merits of Plaintiff's objections and leave that issue for decision by the trial courts, at least in the first instance.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court erred by denying Plaintiff's objection to Defendant's claim of exemptions on the grounds that Plaintiff failed to object to Defendant's claim in a timely manner. As a result, the trial court's order is hereby reversed and this case is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Judges ELMORE and STEELMAN concur.

---

2. In fairness to the trial court, it should be noted that, at the hearing on Plaintiff's objections to Defendant's claim of exemptions, Defendant's counsel did not inform the trial court that a notice of hearing indicating Plaintiff's objections to Defendant's claim of exemption had been filed within the statutorily-prescribed time limits.